UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD SMITH,<br><br>Defendant. | No. 2:19-CR-213 JAM AC<br><br>ORDER DENYING DEFENDANT'S APPLICATION FOR ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) WITHOUT PREJUDICE |

Defendant, who is charged with possession with intent to distribute methamphetamine and illegal possession of a firearm, has submitted an Ex-Parte Application for Issuance of Subpoena pursuant to Federal Rule of Criminal Procedure 17(c). Defendant seeks authorization to issue a subpoena duces tecum to the Vallejo Police Department for materials related to possible misconduct by Officer Tonn, Officer Wagoner and Sgt. Bautista, all of whom were involved in the vehicle stop that led to the charges in this case. For the reasons that follow, defendant has not met his burden under Rule 17(c). The application will accordingly be denied without prejudice.

I.   Defendant's Request for Continued Ex-Parte Status of the Application is Denied

Defendant seeks an ex parte ruling on his application, ex parte production of the materials, and asks that his application not be filed on the docket in order to maintain its confidentiality. It is this court's practice to maintain a record of all Rule 17(c) requests on the docket, though under seal where appropriate to maintain the ex-parte nature of the application. Rule 17(c)

1

contemplates ex parte party applications upon a showing that disclosure would necessarily reveal defense strategy.  United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997).  Here, defendant states in conclusory fashion that he "seek[s] ex parte disclosure in order to not provide the nature of the defense or investigation to the United States."  Application at 5.  However, he provides no explanation how the application itself or the responsive materials would disclose defense strategy.

As the Honorable Judge Dale A. Drozd once explained,

> It is certainly no secret to the prosecution that the defense would attempt to impeach the testimony of law enforcement officers with evidence of their prior misconduct, if it existed. Revealing such a request then can hardly be fairly characterized as revealing the defense trial strategy.

United States v. DuShane, 2013 U.S. Dist. LEXIS 120391 *4 (E.D. Cal. August 23, 2013) (denying request to seal application under Rule 17(c)).

More to the point, counsel in this case has already disclosed this line of defense investigation to the government.  The application before the court recounts requests made to the prosecution for several of the materials at issue, as well as an unsuccessful public records requests made to the Vallejo Police Department.  Indeed, defendant's argument for the issuance of a subpoena turns largely on his demonstrated inability to otherwise obtain the materials from the government.

Because the government is already aware that defendant seeks the type of evidence identified by the application, filing under seal to maintaining the confidentiality of the request is not warranted under Rule 17(c).  Both defendant's Rule 17(c) Application and this Order will accordingly be filed on the docket.

II.     The Request for a Subpoena is Denied Without Prejudice

A.  Standard for Issuance of Rule 17(c) Subpoena

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum.  United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 495 (9th Cir. 1989).  A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases."  United

1  States v. George, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting Nixon, 418 U.S. at 698)).  See
2  also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).  Thus, there must be a
3  substantial foundation for the movant's belief that the requested material exists and will be
4  relevant and admissible.  United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984).  In meeting
5  the specificity requirement, the movant must request specific documents and not entire categories
6  of files since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown
7  evidence."  Reed, 726 F.2d at 577 (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir.
8  1981)).

    B.   Foundation for Belief that Materials Exist

Defendant has identified a substantial foundation for his belief that that video recordings exist of the June 3, 2020 fatal police shooting of Sean Monterrosa by Vallejo Police Officer Tonn, one of the officers involved in this case and whose credibility will be in issue.  Defendant has also identified a substantial foundation for his belief that that Officer Wagoner, another witness in this case, was present at the Monterrosa shooting.  He has likewise identified a specific factual basis for his belief that official reports of the incident conflict with the extant video recordings. Application at 3.  Accordingly, defendant has substantial reason to believe that review of video recordings of that incident, in combination with the officers' official reports, will have probative value regarding the general credibility of Officers Tonn and Wagoner.

Defendant has not, however, identified a substantial foundation for his belief that the Vallejo Police Department is in possession of other materials that reflect misconduct by Officers Tonn and Wagoner or Sgt. Bautista.  In support of the request for materials that document the bending of badge tips to mark fatal shootings—an appalling practice that was the subject of an expose by the news website Open Vallejo—defendant provides a link to the expose but no facts indicating that Officers Tonn and Wagoner or Sgt. Bautista (collectively, "the officers") were among the participating officers.  Application at 2, 4.  In response to defendant's pubic records request for such materials, the Vallejo Police Department represented that it had no responsive materials. Application at 4.  Defendant presents no specific facts supporting his belief that such materials do exist.

Regarding his more general requests for misconduct investigations, prior acts of dishonesty, information affecting credibility and the like, defendant has provided no factual basis for a belief that responsive documents exist. While the court well understands defendant's suspicion that such materials may exist, the present application falls short of establishing a "substantial foundation" for such a belief.

### C. Relevance and Admissibility

Defendant's theory of relevance and admissibility is predicated entirely on the need to challenge the officers' credibility. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." Nixon, 418 U.S. at 701; see also United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (reversing a district court's decision not to quash a subpoena where the defendant's only purpose for seeking the Rule 17(c) subpoena was to obtain impeachment materials). However, such materials might otherwise be subject to a Rule 17(c) subpoena where they have some "other valid potential evidentiary uses[.]" Nixon, 418 U.S. at 702.[1]

Because the present application will be denied for other reasons, the undersigned does not rule on the relevancy and admissibility of the requested materials. Should defendant renew his application, it should either (1) articulate valid potential evidentiary uses in addition to impeachment, or (2) provide points and authorities addressing the use of a 17(c) subpoena to obtain purely impeachment material.

### D. Specificity

The only materials that are identified with adequate specificity in defendant's proposed subpoena language are the video recordings and reports regarding the June 3, 2020 fatal police shooting of Sean Monterrosa. Rule 17(c) requires the specification of particular documents or materials, not topics of inquiry or categories of materials. See Reed, 726 F.2d at 577. The

---

[1] The undersigned is aware that certain impeachment materials regarding state and local law enforcement personnel are nonetheless available via Rule 17(c) subpoena in the Northern District of California, pursuant to General Order and Local Rule. See, e.g., United States v. Chan, 2020 U.S. Dist. LEXIS 83581 * 4 (N.D. Cal. May 12, 2020) (citing N.D. Cal. General Order 69; see also N.D. Cal. Local Rule 17-2(e). The Eastern District has no similar rule.

specificity requirement is not satisfied by the instant requests for "ALL RECORDS AND DOCUMENTS… relating to any incident in which [one of the officers] was found to have committed an act of dishonesty," "[a]ny information affecting the credibility " of the officers, "[a]nything that would give [the officers] a motive to lie or curry favor with the government," or "[a]ny and all records" reflecting inconsistencies between the officers' official reports and video footage or other officers' reports of the same incidents.  See Application at 1-2.

Such broadly worded requests would likely result in objections and ensuing litigation in the civil discovery context, where subpoenas duces tecum are available far more broadly.  It is axiomatic that Rule 17(c) does not provide for discovery, it provides for limited pretrial disclosure of specific materials that are necessary to defense preparation.  See Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).  The language quoted above far exceeds this purpose.

E.  Conclusion

For the reasons explained above, the application will be denied without prejudice.  As noted above, any renewed application should also further address the relevance and admissibility of the materials sought.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to file Defendant's Ex-Parte Application for Issuance of Subpoena, not under seal; and

2. The Application is DENIED without prejudice.

IT IS SO ORDERED.

DATED: September 28, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE